CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Sara Gunderson, Esq., SBN 302582
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
sarag@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**,<br><br>       Plaintiff,<br><br>   v.<br><br>**Manuel R. Cardenas;**<br>**Margarita Arriaga,**<br><br>       Defendants. | **Case:** 5:18-CV-00208-FMO-KK<br><br>**Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law**<br><br>Date: November 15, 2018<br><br>Time: 10:00 AM<br><br>Courtroom: 6D |

   Plaintiff Samuel Love submits this statement of uncontroverted facts, together with references to supporting evidence, in support of his motion for summary judgment against the Defendants.

| Pl.'s SUF No. | Facts | Supporting Evidence |
|---|---|---|
| 1. | Samuel Love is a paraplegic who cannot walk and who uses a | • Ex. 2 (Decl. Love), |

| | | | |
|---|---|---|---|
| | | wheelchair for mobility. | ¶ 2. |
| | 2. | Mr. Love drives a specially equipped van with a ramp that deploys from the passenger side of the van to accommodate his wheelchair. | • Ex. 2 (Decl. Love), ¶ 3. |
| | 3. | On December 29, 2017, Mr. Love went to the Mexican Tire Shop ("Store") located at or about 15390 7th Street, Victorville, California, to inquire about their products and services. | • Ex. 2 (Decl. Love), ¶ 4. |
| | 4. | Defendant Manuel Cardenas is the current owner of the real property located at about 15390 7th Street, Victorville, California, and was in December 2017. | • Ex. 5 (Answer (Manuel Cardenas) para 2. |
| | 5. | Defendant Margarita Arriaga is the current owner of the Mexican Tire Shop ("Store") located at about 15390 7th Street, Victorville, California, and was so in December 2017. | • Ex. 6 (Answer (Margarita Arriaga) para 3-5. |
| | 6. | As Mr. Love drove into the parking lot | • Ex. 2 (Decl. Love), |

| | | |
|---|---|---|
| | of the Store, he discovered that there were parking spaces provided for customers, one of which was reserved for persons with disabilities. | ¶ 5.<br>• Ex. 3 (Decl. Louis), ¶ 3.<br>• Ex. 4, pgs. 1-7 (Photos by Louis). |
| 7. | The surface of the reserved parking space had deteriorated with broken pieces of asphalt. | • Ex. 2 (Decl. Love), ¶ 6.<br>• Ex. 3 (Decl. Louis), ¶ 7.<br>• Ex. 4 (Photos by Louis). |
| 8. | The reserved parking space and access aisle were too narrow for Mr. Love to be able to park his vehicle. | • Ex. 2 (Decl. Love), ¶ 7.<br>• Ex. 3 (Decl. Louis), ¶¶ 5-6.<br>• Ex. 4 (Photos by Louis). |
| 9. | The outline of the reserved parking space had faded. | • Ex. 2 (Decl. Love), ¶ 8.<br>• Ex. 3 (Decl. Louis), ¶ 8.<br>• Ex. 4 (Photos by Louis). |

|     |                                                                                                                                                                                                                                                         |                                     |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ----------------------------------- |
| 10. | Apart from the pole mounted signage indicating accessibility, there was no other signage displayed at or near the reserved parking space.                                                                                                                | • Ex. 2 (Decl. Love), ¶ 9.<br>• Ex. 3 (Decl. Louis), ¶ 9. |
| 11. | Mr. Love needs a parking space with an access aisle to ensure he have enough room to deploy his ramp.                                                                                                                                                    | • Ex. 2 (Decl. Love), ¶ 10.         |
| 12. | Mr. Love needs a parking space with a wider access aisle to ensure he has enough room to get in and out of my vehicle. He was anxious to park in the parking lot of the Store because he was afraid that another car would park next to him, preventing him from re-entering his vehicle. | • Ex. 2 (Decl. Love), ¶ 11.         |
| 13. | He has faced this problem many times in the past when he has parked in a parking space that did not have an access aisle, and then was trapped out of his vehicle when another car parked next to him.                                                  | • Ex. 2 (Decl. Love), ¶ 12.         |
| 14. | He also needs a space with the proper                                                                                                                                                                                                                    | • Ex. 2 (Decl. Love),               |

| | | |
|---|---|---|
| | signage and markings so that it is clear to non-disabled patrons that it is only for disabled persons to use. | ¶ 13. |
| 15. | Due to the lack of a disabled parking space with an access aisle, he was deterred from attempting further patronage and he left the property. | • Ex. 2 (Decl. Love), ¶ 14. |
| 16. | This caused Mr. Love difficulty, discomfort and frustration. | • Ex. 2 (Decl. Love), ¶ 15. |
| 17. | Mr. Louis was given the assignment of going to the Mexican Tire Shop ("Store") located at or about 15390 7th Street, Victorville, California, and taking photographs and measurements of the parking and the path of travel leading to the Store. | • Ex. 3 (Decl. Louis), ¶ 2.<br>• Ex. 5 (Photos by Louis). |
| 18. | On January 22, 2018, he went to the Store and conducted the inspection. | • Ex. 3 (Decl. Louis), ¶ 3.<br>• Ex. 5 (Photos by Louis). |
| 19. | Mr. Louis found that the off-street parking lot serving the Store offered | • Ex. 3 (Decl. Louis), ¶ 4. |

|  |  |  |
|---|---|---|
|  | approximately 4 parking spaces to its customers, one of which was reserved for persons with disabilities. | • Ex. 5 (Photos by Louis). |
| 20. | The reserved parking space measured 96 inches in width. | • Ex. 3 (Decl. Louis), ¶ 5.<br>• Ex. 5 (Photos by Louis). |
| 21. | The access aisle measured just 28 inches in width. | • Ex. 3 (Decl. Louis), ¶ 6.<br>• Ex. 5 (Photos by Louis). |
| 22. | The surface of the reserved parking space had deteriorated with broken pieces of asphalt. | • Ex. 3 (Decl. Louis), ¶ 7.<br>• Ex. 5 (Photos by Louis). |
| 23. | The outline of the reserved parking space had faded. | • Ex. 3 (Decl. Louis), ¶ 8.<br>• Ex. 5 (Photos by Louis). |
| 24. | Apart from the pole mounted signage indicating accessibility, there was no other signage displayed at or near the reserved parking space. | • Ex. 3 (Decl. Louis), ¶ 9.<br>• Ex. 5 (Photos by Louis). |
| 25. | Additionally, the ramp that leads to the entrance of the Store is too steep | • Ex. 3 (Decl. Louis), ¶ 10. |

| | | |
|---|---|---|
| | and had a slope of 16.9% gradient. | • Ex. 5 (Photos by Louis). |
| 26. | Mr. Louis personally took all his measurements with a measuring tape and slope gauge. | • Ex. 3 (Decl. Louis), ¶ 11. |
| 27. | Mr. Love lives in Beaumont, CA, and this Mexican Tire Shop is just a few miles from his home. The Store is therefore a convenient place for him to shop whenever he is in the area. | • Ex. 2 (Decl. Love), ¶ 17. |
| 28. | Mr. Love would like the ability to safely and independently park and access the Store. | • Ex. 2 (Decl. Love), ¶ 18. |
| 29. | Once the violations are removed, he plans to visit the Store on a regular basis whenever he is in the area. | • Ex. 2 (Decl. Love), ¶ 19. |

Based upon the foregoing Statement of Uncontroverted Facts, this Court should make the following **Conclusions of Law**:

1. Plaintiff Chris Love is a person with a disability under the Americans with Disabilities Act ("ADA") and the Unruh Civil

Rights Act. 42 U.S.C. § 12202; Cal. Civ. Code § 51(e)(1); Cal. Gov't Code § 12926(m).

2. As owners and operators of a place of public accommodation, Defendants are the responsible parties under Title III of the ADA. 42 U.S.C. § 12182(a).

3. Defendants have an obligation under the ADA to ensure that the Store is accessible to persons with disabilities, which responsibility includes removing barriers to access where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv).

4. Because parking is one of the facilities, privileges and accommodations made available to customers of the Store, Defendants must provide at least one van-accessible compliant parking spot. 28 C.F.R., Part 36, Appendix D ("1991 Standards") §7.1(1); 2010 Standards § 502.2.

5. Because Defendants failed to provide compliant parking, he presented a barrier to access because: (1) the barrier was readily achievable to remedy and (2) the Plaintiff encountered the barrier, thus the Defendants violated the Plaintiff's rights to full and equal access under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

6. Because Defendants violated the Plaintiff's rights under the ADA, they also violated the Plaintiff's rights under the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

7. Because the Plaintiff personally encountered and experienced difficulty with the violation, the Plaintiff is entitled to recover the statutory penalty of $4,000. Cal. Civ. Code §§ 52(a); 55.56(a)&(b).

8. Although the Plaintiff lives in San Diego, he travels to Los Angeles County often to eat, shop, attends auctions and other events in the County on a regular and ongoing basis. The Store is therefore a convenient place for him to eat whenever he is in the area. He will continue to face the same discriminatory barrier until Defendants remove the barrier and has standing to seek injunctive relief, which relief includes maintaining accessible parking. 42 U.S.C. § 12188(a)(2); C.F.R. § 32.111.

9. The Plaintiff's rights were violated under the ADA and the Unruh Civil Rights Act and the Plaintiff is entitled to recover the statutory penalties of $8,000 and to obtain an Order from the Court directing Defendants to maintain their parking lot to ensure it remains in conformity with the accessibility standards of the ADA.

Dated: October 13, 2018          CENTER FOR DISABILITY ACCESS

                                 By: /s/ *Sara N. Gunderson*
                                     Sara N. Gunderson
                                     Attorneys for Plaintiff