**CHANDLER LAW FIRM**
**Attorneys At Law**
Robert C. Chandler, Esq. (SBN 138266)
Carla R. Kralovic, Esq. (SBN 227197)
Floyd F. Fishell, Esq. (SBN 117659)
Christopher L. Nelson, Esq. (SBN 220566)
Holly M. Warga, Esq. (SBN 316343)
3800 Orange Street, Suite 270
Riverside, CA 92501

T: (951) 276-3022
F: (951) 782-0230

Attorneys for Defendant:
MARGARITA ARRIAGA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SAMUEL LOVE,

    Plaintiff,

v.

MANNUEL R. CARDENAS; MARGARITA ARRIAGA; and DOES 1 through 10,

    Defendants.

NO.: **5-18-cv-00208-FMO-(KKx)**

ANSWER OF DEFENDANT, MARGARITA ARRIAGA, TO PLAINTIFF'S COMPLAINT

Complaint Filed: January 30, 2018
Served: February 23, 2018
Answer Due: March 26, 2018
District Judge: Fernando M. Olguin

    Defendant, MARGARITA ARRIAGA (hereinafter referred to as "Defendant") answers the Complaint of SAMMUEL LOVE (hereinafter referred to as "Plaintiff") and alleges as follows:

    1.    Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 1 of the Complaint.

    2.    Defendant admits the contents of the allegations contained in paragraph 2 of the Complaint.

    3.    Defendant admits the contents of the allegations contained in paragraph 3 of the Complaint.

//

ANSWER     1

4.  Defendant admits the contents of the allegations contained in paragraph 4 of the Complaint.

5.  Defendant admits the contents of the allegations contained in paragraph 5 of the Complaint.

6.  Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 6 of the Complaint.

7.  Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 7 of the Complaint.

8.  Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 8 of the Complaint.

9.  Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the contents of the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the contents of the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the contents of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the contents of the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the contents of the allegations contained in paragraph 15 of the Complaint.

//

ANSWER

16. Defendant denies the contents of the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the contents of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the contents of the allegations contained in paragraph 18 of the Complaint.

19. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the contents of the allegations contained in paragraph 22 of the Complaint.

23. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the contents of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the contents of the allegations contained in paragraph 27 of the Complaint.

//

ANSWER

28. Defendant denies the contents of the allegations contained in paragraph 28 of the Complaint.

29. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the contents of the allegations contained in paragraph 31 of the Complaint.

32. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the contents of the allegations contained in paragraph 33 of the Complaint.

34. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the contents of the allegations contained in paragraph 35 of the Complaint.

36. Defendant, based upon lack of knowledge or information, denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the contents of the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the contents of the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the contents of the allegations contained in paragraph 39 of the Complaint.

//

# AFFIRMATIVE DEFENSES

Unless explicitly specified otherwise, each defense set forth below applies to each and every purported cause of action. As separate affirmative defenses to the purported causes of action asserted in Plaintiff's Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and upon such information and belief alleges that the allegations of the Complaint herein, whether considered independently or as a whole, fail to state the facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and upon such information and belief alleges that Plaintiff has reasonably complied with the Americans with Disabilities Act.

## THIRD AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and upon such information and belief alleges that Plaintiff has reasonably complied with the Unruh Civil Rights Act.

## FOURTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and upon such information and belief alleges that the reserved handicap parking was and is available on Defendant's property during the time period alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and upon such information and belief alleges that Plaintiff did not attempt to patronize at Defendant's business establishment in about December 2017.

## SIXTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiff has not suffered or sustained any damages as a consequence of any alleged breach of duty by this answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiff has failed to take reasonable and necessary steps to mitigate damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiff is barred from any recovery against this answering Defendant because the damages, if any, are speculative.

### NINTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and upon that basis, alleges that Plaintiff did not describe the claims made against Defendant with sufficient particularity to enable Defendant to determine each and every defense it may have against Plaintiff. Defendant therefore reserves the right to assert all defenses, including affirmative defenses, which may not be discovered or become relevant to Plaintiff's claims once the precise nature of those claims is ascertained.

**WHEREFORE**, this answering Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by virtue of the Complaint on file herein from this answering Defendant;

2. That Plaintiff's Complaint on file herein be dismissed with prejudice as to this answering Defendant;

3. That this answering Defendant be awarded the costs of suit reasonably incurred in the defense of Plaintiff's action; and

4. For such other and further relief as the court may deem just and proper.

Dated: 03/19/18

CHANDLER LAW FIRM

By: _____
Robert Chandler, Esq., for Defendant

ANSWER

6

# **PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF RIVERSIDE )

I am employed in the county of RIVERSIDE, State of California. I am over the age of 18 and not a party to the within action. My business address is **3800 Orange Street, Suite 270, RIVERSIDE, California 92501**.

On **MARCH 19, 2018**, I served the foregoing document described as:

**ANSWER.**

by placing the true copy thereof enclosed in the sealed envelope addressed as follows:

**CENTER FOR DISABILITY ACCESS**
**Isabel Masanque, Esq.**
**9845 Erma Road, Suite 300**
**San Diego, CA 92131**

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at RIVERSIDE, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **MARCH 19, 2018** at RIVERSIDE, California.

I declare under penalty of perjury the laws of the State of California that the above is true and correct.

Nolan Chandler, Law Clerk

**PROOF OF SERVICE**