UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-0208 FMO (KKx) | Date | June 17, 2019 |
|---|---|---|---|
| Title | Samuel Love v. Manuel R. Cardenas et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order re: Motion for Summary Judgment

The court has reviewed the briefing filed with respect to plaintiff Samuel Love's ("plaintiff") Motion for Summary Judgment.  (See Dkt. 22, "Motion").  The court notes that neither Manuel Cardenas nor Margarita Arriaga (collectively, "defendants") filed an opposition to the Motion.[1]  (See, generally, Dkt.).  Nonetheless, "[a] district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule."  Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994) (per curiam).  Instead, the court examines whether plaintiff has met his "affirmative duty under Rule 56 to demonstrate [his] entitlement to judgment as a matter of law."  Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003).  For the reasons set forth below, the court concludes that plaintiff has met his burden to establish that he is entitled to summary judgment.

Plaintiff is a paraplegic man who uses a wheelchair for mobility.  (See Dkt. 22-4, Declaration of Samuel Love ("Love Decl.") at ¶ 2).  He drives a van with a ramp that deploys from the passenger side to accommodate his wheelchair.  (See id. at ¶ 3).  On December 29, 2017, plaintiff visited a store called the Mexican Tire Shop (the "store"), located in Victorville, California. (See id. at ¶ 4).  Although the parking lot for the store has a space reserved for disabled customers, the surface of this space "had deteriorated with broken pieces of asphalt."  (Id. at ¶ 6).  Additionally, the parking space and its access aisle were too narrow for plaintiff to use, and the paint outlining the space was faded.  (See id. at ¶¶ 7-8).  As a result of these barriers, plaintiff was deterred from patronizing the store.  (See id. at ¶ 14).

On January 29, 2018, plaintiff filed the instant action, asserting claims for violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq.  (See Dkt. 1, Complaint at ¶¶ 28-39).  Manuel Cardenas filed an answer in which he admitted that he is an owner of the store.  (See Dkt. 11, Cardenas Answer at ¶ 2) (admitting to paragraphs 2 and 3 of the complaint, which allege his ownership).  Margarita Arriaga likewise filed an answer admitting to the same.  (See Dkt. 14, Arriaga Answer at ¶¶ 4-5).

---

[1] Manuel Cardenas is proceeding pro se.  Margarita Arriaga is represented by counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-0208 FMO (KKx) | Date | June 17, 2019 |
|---|---|---|---|
| Title | Samuel Love v. Manuel R. Cardenas et al. | | |

"To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). Plaintiff, who is paraplegic and uses a wheelchair for mobility, (see Dkt. 22-4, Love Decl. at ¶ 2), easily meets the first element. See Arroyo v. Aldabashi, 2018 WL 4961637, *3 (N.D. Cal. 2018) ("There is no question that [plaintiff] (who is paraplegic) is disabled or that the Store is a public accommodation."). Likewise, defendants admitted in their answers that the store is open to the public and a place of public accommodation. (See Dkt. 11, Cardenas Answer at ¶ 2) (admitting to ¶ 11 of the Complaint, which alleges that the store is a place of public accommodation); (Dkt. 14, Arriaga Answer at ¶ 11 (same)).

The ADA Accessibility Guidelines ("ADAAG") "lay out the technical structural requirements of places of public accommodation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). "The ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches." Id. at 945-46.

"Under the 1991 ADAAG standards, one in every eight accessible spaces, but not less than one, shall be designated 'van accessible.'" Johnson v. Lababedy, 2016 WL 4087061, *4 (E.D. Cal. 2016).[2] These van accessible spaces, in turn, must have an access aisle of at least 96 inches. See 1991 ADAAG Standards § 4.1.2(5)(b). Under the 2010 ADAAG standards, "[f]or every six or fraction of six parking spaces required by 208.2 to comply with 502, at least one shall be a van parking space complying with 502." 2010 ADAAG Standards § 208.2.4. The van accessible parking spaces must have an access aisle, id. at § 502.2, of 60 inches. Id. § 502.3.1.
In addition, the parking spots "must be marked with an International Symbol of Accessibility." Love v. Garcia, 2017 WL 1838560, *3 (C.D. Cal. 2017). "Under the 2010 ADAAG, curb ramps may not have a running slope steeper than 1:12, or 8.33%." Curtis v. Home Depot U.S.A., Inc., 2015 WL 351437, *6 (E.D. Cal. 2015); see Parr v. L & L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1087 (D. Haw. 2000) (applying same requirement under the 1991 ADAAG). Finally, "[r]egulations

---

[2] Plaintiff addresses both the 1991 and the 2010 ADAAG standards in his brief. (See, e.g., Dkt. 22-1, Plaintiff's Memorandum[] at 7-8). However, plaintiff does not express an opinion as to which of these standards governs defendants' store. (See, generally, id.). Presumably, this is because plaintiff does not know whether defendants' parking lot has been altered post-2012. See Johnson v. Wayside Property, Inc., 41 F.Supp.3d 973, 976 n. 3 (E.D. Cal. 2014) ("All architectural and structural elements in a facility are required to comply with the 1991 Standards to the extent that compliance is readily achievable; by contrast, the 2010 standards apply only to elements that have been altered in existing facilities, or that fail to comply with the 1991 Standards, on or after March 15, 2012."). In any event, the court finds that defendants' parking lot fails to comply with both the 1991 and the 2010 standards.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-0208 FMO (KKx) | Date | June 17, 2019 |
|---|---|---|---|
| Title | Samuel Love v. Manuel R. Cardenas et al. | | |

implementing the ADA require public accommodations to 'maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities[.]'" Wagenfeld v. M15 Concert Bar & Grill, LLC, 2017 WL 10562669, *3 (C.D. Cal. 2017) (quoting 28 C.F.R. § 36.211(a)).  As such, "[a] violation of the ADA can occur where a defendant's business is in compliance with ADAAG requirements, but that defendant does not maintain its compliant features in a useable manner."  Kohler v. Flava Enterprises, Inc., 826 F.Supp.2d 1221, 1227 (S.D. Cal. 2011).

   The evidence is undisputed that plaintiff "was denied public accommodations by the defendant[s] because of his disability."  Johnson v. AutoZone, Inc., 2019 WL 1245143, *3 (N.D. Cal. 2019); see Arizona ex rel. Goddard, 603 F.3d at 670.  On January 22, 2018, an investigator hired by plaintiff's attorneys visited the store, (see Dkt. 22-5, Declaration of Evens Louis ("Louis Decl.") at ¶¶ 1-3), and found that the access aisle next to the disabled parking space "measured just 28 inches in width."  (Id. at ¶ 6).  He also found that the parking space was "deteriorated with broken pieces of asphalt," that the "outline of the reserved parking space had faded," that the only signage marking the space was mounted on a pole, and that the ramp leading from the parking space to the store "had a slope of 16.9% gradient."  (Id. at ¶¶ 7-10).  The photographs taken by plaintiff's investigator show that the concrete on the handicapped parking space is badly cracked.  (See Dkt. 22-6, Photographs).  Plaintiff notes that the cracked concrete was one of the obstacles he encountered during his trip to the store.  (See Dkt. 22-4, Love Decl. at ¶ 6).

   In short, the evidence is undisputed that plaintiff "was denied public accommodations by the defendant because of his disability" on account of non-compliant aspects of the store's handicapped parking accommodations.  Arizona ex rel. Goddard, 603 F.3d at 670.  The court will therefore grant summary judgment in plaintiff's favor.  The court notes that plaintiff seeks: (1) statutory damages under the Unruh Civil Rights Act, (2) injunctive relief, and (3) reasonable attorney's fees and costs.  (See Dkt. 1, Complaint at Prayer for Relief).  The court will set a briefing schedule below to address the relief plaintiff seeks.

   Based on the foregoing, IT IS ORDERED THAT:

   1.  Plaintiff's Motion for Summary Judgment **(Document No. 22)** is **granted** as set forth herein.

   2.  No later than **June 28, 2019**, plaintiff shall file and serve and notice for the first available hearing date a Motion Re: Relief ("Motion").  The Motion shall be accompanied by a memorandum of points and authorities that discusses the legal basis and authority to support the nature, scope and reasonableness of the relief plaintiff seeks.  Any request for attorney's fees and costs shall be supported by admissible evidence and all declarations must be under penalty of perjury.  The Motion, which may not exceed ten pages, shall be accompanied by a proposed judgment, setting forth the exact relief plaintiff requests from the court, including the exact amount of attorney's fees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-0208 FMO (KKx) | Date | June 17, 2019 |
|---|---|---|---|
| Title | Samuel Love v. Manuel R. Cardenas et al. | | |

plaintiff seeks.[3]

      3. Defendants shall file their opposition to plaintiff's Motion and proposed judgment according to the Local Rules.

      4. Plaintiff shall, in event any defendant files an opposition to plaintiff's memorandum, file a reply brief according to the Local Rules.

      5. Plaintiff's failure to file the Motion noted in paragraph 2 above by the deadline set forth above shall result in the action being dismissed for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[3] Plaintiff's summary judgment papers did not address attorney's fees. (See, generally, Dkt. 22, Motion; Dkt. 22-1, Plaintiff's Memorandum[]).