CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff SAMUEL LOVE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Samuel Love**,

Plaintiff,

v.

**Manuel R. Cardenas**; **Margarita Arriaga;** and Does 1-10,

Defendants.

**Case:** 5:18-CV-00208-FMO-KK

**Memorandum of Points and Authorities in Support of Motion for Relief**

Date: August 1, 2019
Time: 10:00 a.m.
Ctrm: 6D (6th Floor)

Hon Judge Fernando M Olguin

**TABLE OF CONTENTS**


I. PRELIMINARY STATEMENT .......... 1

II. CALCULATION OF DAMAGES .......... 1

III. INJUNCTIVE RELIEF .......... 2

IV. ATTORNEY'S FEES AND COSTS .......... 2

A. Hourly Rates .......... 3

B. Hours Reasonably Expended .......... 5

V. HENSLEY FACTORS .......... 6

A. Time and Labor Required .......... 7

B. Novelty and Difficulty of Issues .......... 7

C. Skill Required to Perform Legal Service .......... 7

D. Preclusion of Other Work .......... 8

E. Customary Fee .......... 8

F. Fixed or Contingent Fee .......... 9

G. Time Limitations .......... 9

H. Amount Involved and Results Obtained .......... 9

I. Experience and Ability of Attorneys .......... 9

J. Undesirability of the Case .......... 9

K. Nature and Length of Professional Relationship with Client .......... 10

L. Awards in Similar Cases .......... 10

VI. LITIGATION COSTS .......... 10

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

### Cases

*Botosan v. Paul McNally Realty* (9th Cir. 2000) 216 F.3d 827 .......... 1

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......... 2, 3, 6

*Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir. 2008) .......... 3

*Lentini v. California Center for the Arts, Escondido* (9th Cir. 2004) 370 F.3d 837, 849 .......... 2

*Lindy Bros. Builders, Inc. of Phila. v. American Radiator*, 487 F.2d 161 (3rd Cir 1973) .......... 6

*Lovell v. Chandler* (9th Cir. 2002) 303 F.3d 1039 .......... 10

*Molski v. M.J. Cable, Inc.*, (9th Cir. 2007) 481 F.3d 724, 731 .......... 1

*PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084 (2000) .......... 3

*Serrano v. Priest*, 20 Cal.3d 25 (1977) .......... 6

*Van Gerwen v. Guarantee Mutual Life*, 214 F.3d 1041 (9th Cir. 2000) .......... 6

*Wehr v. Burroughs Corp.*, 477 F.Supp. 1012 (E.D.Pa. 1979) .......... 3

*Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) .......... 3

*Woodland Hills Residents Ass'n., Inc. v. City Council*, 23 Cal.3d 917 (1979) .......... 3

**Statutes**

28 CFR 35.151(c) .......... 2

42 U.S.C. § 12205 .......... 2, 10

Cal. Civ. § 52(a) .......... 2, 9

Civ. Code § 52(a). .......... 1

## I. PRELIMINARY STATEMENT

Mr. Love is a person with physical disabilities who uses a wheelchair for mobility. He sued the defendants as owners and operators of the Mexican Tire Shop located at Victorville, California for failure to provide accessible transaction counters although the law has required it for 26 years. During the course of the case, Mr. Love prevailed on a motion for summary judgment and this Court issued an Order (*Docket # 30*), directing Plaintiff to file and serve and notice for the first available hearing date a Motion Re: Relief. As a result of his success on the merits, he is entitled to statutory damages, injunctive relief and attorney's fees and costs.

## II. CALCULATION OF DAMAGES

On summary judgment, it was established that Cardenas owns the property at issue in this matter. It was established that Mrs. Arriaga owns or operates the tire shop at issue. Each entity violated the ADA in denying equal access as owner, operator of lessor of a place of public accommodation.

Under the Unruh Civil Rights Act a prevailing plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Civ. Code § 52(a); *Botosan v. Paul McNally Realty* (9th Cir. 2000) 216 F.3d 827, 835. The Unruh Civil Rights Act provides that a prevailing plaintiff is entitled to a minimum statutory penalty assessment of $4,000 independent of actual damages. (Civ. Code § 52(a).) Mr. Love does not seek recovery for actual damages in this case. "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, (9th Cir. 2007) 481 F.3d 724, 731.

Unlike actual damages, which are compensatory in nature, a penalty assessment is assessed against the *entity* as a result of the violation of the law. The Unruh Civil Rights Act holds each responsible party individually liable for

the denial of rights: "**Whoever** denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 , 51.5 , or 51.6 , **is liable for each and every offense**" Civ. Code § 52(a) (emphasis added); *Lentini v. California Center for the Arts, Escondido* (9th Cir. 2004) 370 F.3d 837, 849-851.

Plaintiff seeks recovery of a single statutory penalty against each entity as each has been separately found to have violated the Americans with Disabilities Act and the Unruh Civil Rights Act in their separate capacities.

## III. INJUNCTIVE RELIEF

Plaintiff seeks remediation of the non-compliant parking at the store. The Court noted that the Defendants were in violation of both the 1991 and 2010 ADAAG standards. The 2010 ADAAG standards control for any new alterations that occur on or after March 15, 2012. 28 CFR 35.151(c). As the Defendants lacked any accessible parking previously, the new parking will need to be installed pursuant to current law. Plaintiff seeks an injunction requiring installation of compliant van accessible parking pursuant to ADAAG 2010 208 & 502-502.7, inclusive.

## IV. ATTORNEY'S FEES AND COSTS

Under the American with Disabilities Act, attorney's fees are available to a prevailing party.[1] 42 U.S.C. § 12205. Additionally, under the Unruh Civil Rights Act, a defendant "is liable for" any attorney fees" suffered by any person denied the rights" provided for under Unruh. Cal. Civ. § 52(a). Successful litigants are entitled to reasonable attorney fees "to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "If successful plaintiffs were routinely

---

[1] Unlike Unruh damages, attorney's fees and costs are joint and several liability as they are compensatory in damage.

forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Consequently, recovery is the rule rather than the exception." *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal citations omitted).

The "fundamental objective" of attorney fee statutes is "to encourage suits effectuating a strong policy by awarding **substantial attorney's fees** ... to those who successfully bring such suits . . .." *Woodland Hills Residents Ass'n., Inc. v. City Council*, 23 Cal.3d 917, 933 (1979) (emphasis added).

The documentation submitted in support of a request for attorney fees should be sufficient to satisfy the court, or indeed a client, that the hours expended were actual, non-duplicative and reasonable and to appraise the court of the nature of the activity and the claim on which the hours were spent. *See Hensley*, 461 U.S. at 437; *Wehr v. Burroughs Corp.*, 477 F.Supp. 1012, 1016–18 (E.D.Pa. 1979), *modified on other grounds* at *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3rd Cir. 1980). The billing statements attached as exhibit 2 meet this standard.

**A. Hourly Rates**

A reasonable hourly rate reflects the skill and experience of the lawyer, including any relevant areas of particular expertise, and the nature of the work performed. *See Hensley*, 461 U.S. at 433-34. The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1094 (2000). This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represented the client on a straight contingent fee basis, or are in house counsel. *Id.*; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

The attorneys involved in this litigation are all experienced and qualified to seek the rates billed. (Potter Decl. 6-11.) Plaintiff's attorneys' disability rights work has helped to shape ADA law with numerous, precedent setting opinions[2]. Nearly a decade ago, in March 2011, United States District Judge Stephen Wilson considered plaintiff's counsel's qualifications, expert opinions and other evidence and granted plaintiff's counsels requested rates—the same rates requested in this case. (Exhibit 4). Recent fee awards have also granted this hourly rate and in fact higher rates as well. See Exhibits 5, 6 and 7 (Fee Awards by Judge Bernal, Fischer, Snyder); *Love v. Rivendell*, 3:18-cv-03907-EDL (March 11, 2019, N.D Ca.) (awarding rates to present counsel between $410-$650/hr). (Exhibit 8 – Laporte Award)

As litigation costs and costs of living have increased since 2011, Plaintiff seeks adjusted rates in line with current approved rates and increased experience. *Rodriguez v. Barrita, Inc.* (2014) 53 F.Supp.3d 1268 ("acknowledging appropriately increased rates to $550/hr as reasonable").

---

[2] *Lozano v., C.A. Martinez Family Ltd. Partnership*, 129 F.Supp.3d 967 (S.D. Cal. 2015); *Fortyune v. City of Lomita*, 766 F.3d 1098 (9th Cir. 2014); *Cortez v. City of Porterville*, 5 F.Supp.3rd 1160 (E.D. Cal. 2014); *Johnson v. Wayside Prop., Inc.*, 41 F.Supp.3d 973 (E.D. Cal. 2014); *Daubert v. Lindsay Unified School District*, 760 F.3d 982 (9th Cir. 2014); *Munson v. Del Taco, Inc.*, 46 Cal.4th 66 (2009); *Nicholls v. Holiday Panay Marina, L.P.*, 93 Cal.Rptr.3d 309 (Cal. App. 4th 2009); *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159 (S.D. Cal. 2009); *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953 (C.D. Cal. 2009); *Deanda v. Sav. Inv., Inc.*, 267 F. App'x 675, 676 (9th Cir. 2008); *Miller v. California Speedway Corp.* (9th Cir. 2008) 536 F.3d 1010; *Munson v. Del Taco, Inc.*, 522 F.3d 997 (9th Cir. 2008); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126 (C.D. Cal. 2005); *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133 (9th Cir. 2002); *Wyatt v. Ralphs Grocery Co.*, 65 Fed.Appx. 589 (9th Cir. 2003); *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000); *Wyatt v. Liljenquist*, 96 F. Supp. 2d 1062 (C.D. Cal. 2000).

These requested rates are in line with rates being awarded in the prevailing community. See: *Keaton v. Los Angeles Unified School District* (March 19, 2019) Case BS165965 (awarding $550 per hour, for a total of over $98,000 in public interest litigation)(Exhibit 9 – Strobel Order); *Woods v. Fagan* CV-14-8374 VAP (SPx) (civil rights litigation awarding rates between of $550 and $750 for experienced counsel) (approved on appeal *Woods v. Fagan* (9th Cir. 2018) 714 Fed. Appx. 814) (Exhibit 10 – Philips Order)

Not only are plaintiff's counsel's rates fully consistent within their market but they should expect to receive full compensation. Both state and federal law advocates for full and substantial compensation for disability civil rights attorneys. *Blackwell v. Foley* (N.D. Cal. 2010) 724 F. Supp. 2d 1068, 1075). "Indeed, were it not for the efforts of those attorneys willing to undertake the representation of ADA plaintiffs, there would be little, if any, enforcement of this landmark statute." *Hansen v. Deercreek Plaza, LLC* (S.D.Fla. 2006) 420 F.Supp.2d 1346, 1349.

Based on the evidence of market rate and the public interest in encouraging the private bar in enforcing the ADA, plaintiff's counsels' rates should be approved by this court.

**B. Hours Reasonably Expended**

As the first step in the calculation of an equitable award, the Court should determine the number of hours reasonably expended in this litigation: The starting point of every fee award, once it is recognized that the court's role in equity is to provide just compensation for the attorneys, must be a calculation of the attorneys' services in terms of the time he has expended on the case. Anchoring the analysis to this concept is the only approach that can claim objectivity, a claim which is 'obviously vital' to the prestige of the bar and the

courts." *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977), *citing Lindy Bros. Builders, Inc. of Phila. v. American Radiator*, 487 F.2d 161 (3rd Cir 1973).

The case has not seen a tremendous amount of work. Nonetheless, the case reasonably and necessarily involved pre-filing investigation, complaint drafting, emails, letters, phone conversations, court filings, this motion and the other trappings of a litigated case. Plaintiff's counsel should be compensated for all hours spent. Plaintiff's attorneys have expended more than 43.5 hours to date and estimate another 8 hours for dealing with an opposition brief, drafting the reply, and attendance at oral argument. As is clear from the billing statement (exhibit 2), there has been no overbilling in this case and Plaintiff has attempted to specialize all hours spent to reduce the total number of hours involved in the matter. All of the hours submitted to the court in the accompanying declaration of Mark Potter and the attached billing were reasonably incurred in the prosecution of this case.

## V. HENSLEY FACTORS

In *Hensley v. Eckerhart*, (1983) 461 U.S. 424, the Supreme Court stated that the lodestar is the "presumptively reasonable fee amount" and that the Court can adjust upward or downward by a multiplier in "rare" or "exceptional" cases only. *Id.* at 433; *Van Gerwen v. Guarantee Mutual Life*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Welch*, 480 F.3d at 946. Additionally, the *Hensley* court outlined twelve factors that a Court may consider when determining the appropriate fee award or any departure from it. Many of the factors are already subsumed into the lodestar discussion but plaintiff will briefly discuss each factor. Plaintiff seeks no modification of the lodestar.

**A. Time and Labor Required**

As stated above, the plaintiff showed billing judgment and restraint. The case was not over litigated and plaintiff's counsel expended a bit more than a work week despite the full litigation of this matter to conclusion.

**B. Novelty and Difficulty of Issues**

The Americans with Disabilities Act itself and its interaction with California State Law is ever evolving and involves new issues and new challenges on a constant basis. Aside from the fairly novel area of Americans with Disabilities Act work in general, this case presented no significant legal issues of first impression and plaintiff seeks no multiplier based on this issue.

**C. Skill Required to Perform Legal Service**

The Americans with Disabilities Act was passed in 1990 and the Unruh Civil Rights Act was amended in 1992 to incorporate the ADA. There are only a handful of attorneys with expertise in the area. Access under Title III of the Americans with Disabilities Act is predicated upon requirements to provide access to existing public accommodations, new construction and alterations to existing buildings. Those requirements in existing public accommodations turn on whether the removal of architectural barriers is "readily achievable." In turn, there is a plethora of federal regulations, Department of Justice advisory opinions, interpretive manuals and case law that is argued by both plaintiffs and defendants as to what constitutes architectural barriers and the extent of the remedial measures necessary, if any, to remove the architectural barrier. Furthermore, there is the overlaying application of Title 24 of the California Code of Regulations requirements to public accommodations which were constructed or altered after 1982, and the American National Standards Institute (ANSI) between 1970 and 1982.

A successful prosecution of disability access cases is dependent upon a plaintiff's attorney having a thorough knowledge of the ADA and all its implementing regulations, Americans With Disabilities Act Accessibility Guidelines, Title 24 of the California Code of Regulations, ANSI standards, and the relevant sections for the California Health and Safety Code, the California Civil Code, and the California Government Code. In addition, an intimacy with the body of case law which has developed around the ADA (among which over two dozen published decisions were handled by plaintiff's counsel's office) and state statutory schemes, and the ability to couple this knowledge with a practical, strategic approach to interfacing with defendants, their own personal counsel, insurance defense attorneys, insurance carriers and the Court is absolutely essential.

In short, handling disability access cases demand the services of an attorney trained and specializing in the area of law. This case did not present specialized or skillful challenges and was a fairly straight-forward application of the law.

**D. Preclusion of Other Work**

Plaintiff's attorneys have spent more than 43.5 hours in prosecuting this case. That time could not be used, simultaneously, for other cases or other clients. Thus, the work on this case precluded other work that could have and would have been done and billed for. Nonetheless, the lodestar fully compensates for that work.

**E. Customary Fee**

As covered above, the rates and fees charged by plaintiff's counsel are market rates.

**F. Fixed or Contingent Fee**

As is the case with virtually all civil rights cases, the fees in this case were contingent upon prevailing. Had the plaintiff not prevailed, the plaintiff's attorneys would not be able to recover monies to compensate them for the outlay of time spent in prosecuting this case. Nonetheless, plaintiff's counsel is not seeking a multiplier.

**G. Time Limitations**

There were no unique time limitations imposed by either the client or the circumstances.

**H. Amount Involved and Results Obtained**

Under the Americans with Disabilities Act, there are no damages available. The only remedy is injunctive relief, which he is entitled to as a result of his victory on MSJ. Additionally, under his Unruh Civil Rights Act cause of action, the plaintiff was entitled to damages. Cal. Civ. § 52(a). It's difficult to measure the "damage" caused by denial of access. Thus, the Unruh Civil Rights Act has a minimum that a defendant must pay.

Here, Mr. Love has obtained full prevailing party status.

**I. Experience and Ability of Attorneys**

See discussion under "Hourly Rates" above.

**J. Undesirability of the Case**

This case, like many small dollar civil rights cases, is low on the desirability scale. The clientele is largely (as in the present case) very low income or indigent. Payment is completely dependent upon winning.

**K. Nature and Length of Professional Relationship with Client**

The Center for Disability Access has no relationship with Mr. Love other than in representing him in his ADA/Unruh claims.

**L. Awards in Similar Cases.**

This matter is discussed above.

## VI. LITIGATION COSTS

The plaintiff seeks $840 in costs. This includes traditional costs such as the service cost ($240.00) and the filing fee ($400) as well as the litigation expenses that includes the investigation ($200). Section 505 of the Americans with Disabilities Act (42 U.S.C. § 12205) authorizes reasonable attorney's fees, including "litigation expenses and costs," in any action brought under the Act. This includes all costs normally associated with litigation including investigative costs. *Lovell v. Chandler,* 303 F.3d 1039, 1058 (9th Cir. 2002). "The federal statute, unlike the state statutes, explicitly provides for not only attorney's fees but also litigation expenses and costs." *Saldana-Neily v. Taco Bell of Am., Inc.*, 2008 WL 793872, *3 (N.D. Cal. 2008).

## CONCLUSION

The plaintiff respectfully requests that his motion be granted and he be awarded statutory penalties of $4,000 against each defendant, injunctive relief requiring installation of compliant parking and $25,802.50 in fees and costs.

Dated: June 28, 2019 CENTER FOR DISABILITY ACCESS

By: __/s/ Mark Potter__________________
Mark Potter, Esq.
Attorneys for Plaintiff