UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-0208 FMO (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | Samuel Love v. Manuel R. Cardenas et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None Present | None Present |

**Proceedings:**   (In Chambers) Order re: Summary Judgment

On June 17, 2019, the court granted summary judgment in favor of Samuel Love ("plaintiff") and against Manuel R. Cardenas ("Cardenas") and Margarita Arriaga ("Arriaga") (collectively, "defendants"). (See Dkt. 30, Court's Order of June 17, 2019). However, recent events have led the court to conclude that summary judgment was improvidently granted.

Specifically, Cardenas has come forward with a settlement agreement, signed by himself and plaintiff's counsel and dated for October 8, 2018, in which he and plaintiff agreed to settle the case for $6,500 and "injunctive relief of parking for the disabled and ramp." (Dkt. 36, Defendant Manuel Cardenas' Opposition to Plaintiff's Motion for Relief, Exh. 9 ("Settlement Agreement") at ECF 266).[1] Although plaintiff's counsel had an "ethical obligation[] to disclose all relevant facts to the [court]" in her summary judgment brief, see English v. Capital Risk Mgmt., Inc., 2001 WL 910412, *1 n. 3 (M.D. Ala. 2001), she chose not to disclose the existence of the settlement agreement in her moving papers. (See, generally, Dkt. 22, Plaintiff's Motion for Summary Judgment; Dkt. 22-1, Memorandum); see Phillips v. FirstBank Puerto Rico, 2018 WL 1789546, *4 (D.V.I. 2018) ("efforts of Plaintiff and Plaintiff's Counsel to conceal critical facts from the Court" is sufficient to "establish [their] bad faith").

Additionally, the court is left uncertain whether summary judgment is appropriate as to Arriaga, given her apparent position as a tenant of the subject property. See Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1266 (9th Cir. 2015) ("We hold that neither the ADA, nor our decision in Botosan [v. Paul McNally Real., 216 F.3d 827 (9th Cir. 2000)], imposes upon tenants liability for ADA violations that occur in those areas exclusively under the control of the landlord.") (footnote omitted).

Based on the foregoing, IT IS ORDERED THAT:

---

[1] Although the settlement agreement anticipated that Arriaga would pay $2,500 to settle the claims against her, Arriaga did not sign the agreement. (See, generally, Dkt. 36, Settlement Agreement at ECF 266).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-0208 FMO (KKx) | Date | August 19, 2019 |
|---|---|---|---|
| Title | Samuel Love v. Manuel R. Cardenas et al. | | |

    1.  The court's order awarding summary judgment in favor of plaintiff **(Document No. 30)** is hereby **vacated**.

    2.  Plaintiff's Motion for Relief **(Document No. 31)** is **denied**.

    3.  The parties, including plaintiff's attorney Sara Gunderson, shall appear for a status conference on **August 29, 2019**, at 10:00 a.m. in courtroom 6D of the first street courthouse.

 

00 : 00

Initials of Preparer     SMO